NO. 07-01-0320-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 25, 2002


______________________________



DESA WELLS
,




 Appellant


v.



BRETON MILL APARTMENTS, 




 Appellee

_________________________________



FROM THE COUNTY CIVIL COURT AT LAW NO. 4 OF HARRIS COUNTY;



NO. 749,853; HON. CYNTHIA CROWE, PRESIDING


_______________________________



ON MOTION FOR "REHEARING"

_______________________________ 

Before BOYD, C.J., QUINN and REAVIS, J.J. 

 By motion, appellant, Desa Wells, requested a rehearing on her Written Notice of
Objection to the Court Reporter's Record of the Testimonies and her Motion to Correct the
Records. In effect, we are being asked to consider whether the trial court properly
resolved her contention that errors existed in the statement of facts prepared by the court
reporter. We deny the motion. 


Background
 

 Upon original submission of this case, this Court dismissed Desa Wells' appeal for
failure to pay the required filing fee. Thereafter, appellant filed a motion for rehearing. 
After finding good cause, her cause was reinstated. By motion, Wells then requested that
this Court correct the trial court record. The motion being granted, we abated and
remanded the cause to the trial court ordering same "to immediately notice and conduct
a hearing to determine whether the reporter's record contain[ed] errors in those areas
specified by the appellant, whether the errors, if any, [were] substantive or consequential,
and if substantive and consequential, correct same . . . ."

 On May 3, 2002, the trial court, after providing notice, conducted a hearing to
determine whether the reporter's record contained errors in the areas specified by the
appellant. The parties agreed, pursuant to the Texas Rules of Appellate Procedure, to
certain corrections in the reporter's record. Of the 54 objections alleged, 42 were agreed
upon by the parties to evince error in the record. The remaining 12 objections were then
submitted to the trial judge, who subsequently found that they involved either no error or
inconsequential error. 

 Appellant now objects to the process by which the remaining twelve objections
were resolved. She claims that "[t]he Trial Court's method of examining the records and
resolving the issue consisted of accepting the agreed corrections and allowing the Court
Reporter to correct the remaining twelve by reading, with the aid of the Appellee's attorney,
from her own records what the Court Reporter chose to be correct testimony." That the
"Court Reporter's first initiative was to read from her computerized transcript records", is
what appellant found objectionable insisting instead that she read from her "original
stenos." The trial court sustained that objection and had the court reporter read from her
"original stenos," according to Wells.

 Additionally, Wells argued that she "asked to be allowed to challenge[] the
credibility of the twelve refuted errors, by examining and offering oral arguments to several
of the none [sic] challenge[d] corrections." The trial court then "refused to allow [her] to
provide such oral arguments to the court." Appellant claims the trial court "denied [her] the
right to offer that evidence."

 Wells also maintained that if "forty-two errors were agreed to be consistent
throughout the transcript, then how can reasonable thinking have any confidence [sic], or
reliability in the remaining twelve refuted errors." So too did she posit that the trial court
abused its discretion in not allowing her "to provide oral argument to challenge . . . the
twelve opposed errors." Finally, because errors were consistent throughout the record,
she claimed that "intelligence would argue [sic] that they all become both, substantive and
consequential," and, therefore, "the Trial Court erred in ruling all forty-two agree [sic]
errors to be inconsequential."

Consideration of Argument


 First, Texas Rule of Appellate Procedure 10.1(a)(5) requires a movant to certify in
writing that "the filing party conferred, or made a reasonable attempt to confer, with all
other parties about the merits of the motion and whether those parties oppose the motion." 
No such certification accompanied the motion now before us. And, this is of import
because Wells herself, via her motion, indicated that the appellee, Breton Will Apartments,
had been amenable in the past about resolving disputes involving the record through
agreement.

 Second, to the extent that Wells claimed she was denied her "right" to present "oral
argument," her arguments are nothing but conclusion sans substantive analysis,
explanation, or citation to legal authority. What she would have said below, what evidence
she would have presented, and how either would have made a difference in the trial court's
decision go utterly unmentioned. More importantly, these are indicia crucial to our
determination about whether the trial court erred, and, without them, we have no basis
upon which to analyze her contentions, decide if the trial court erred, and assess if that
error was harmful in anyway.

 Third, to the extent that Wells claimed that each error must be consequential
because there were so many, that argument too is bereft of supporting analysis and
citation to authority. Nor do we accept her proposition that each error must be
consequential simply because there were approximately 47 of them in the reporter's
record. Simply put, inconsequential error means it has no affect on the outcome, and,
multiplying zero affect by 47 still means there is no or zero affect on the outcome. So, her
syllogism does not enable us to logically deduce that the errors were consequential merely
because there were a number of them. Rather, it was and is encumbent upon Wells to
explain why there were consequential, and, she did not.

 That Wells may be acting pro se matters not; pro se litigants too are obligated to
comply with the rules of procedure, cite legal authority in support of their propositions, and
accompany the latter with substantive analysis or explanation. See In re Caldwell, 918
S.W.2d 9, 10 (Tex. App.-Amarillo 1995, no writ) (holding that pro se litigants are bound
to abide by the rules of procedure and briefing). Accordingly, we overrule her motion for
rehearing. 

 

 Per Curiam

Do not publish.



 



deWhenUsed="false" Name="Medium Shading 2 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0072-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



NOVEMBER
22, 2010

 



 

ELISEO RENE ZAMBRANO,

  

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 242ND DISTRICT COURT OF HALE
COUNTY;

 

NO. B18071-0906; HONORABLE EDWARD LEE
SELF, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

            Eliseo Rene Zambrano
challenges his conviction of assault on his wife or girlfriend by contending
the State violated his constitutional rights in failing to provide him with
exculpatory evidence and by the trial court denying his motion for new trial on
the same basis.  We affirm the
judgment.  

            Prior to
trial, Kathy Cervantes, the mother of appellants children, signed an affidavit
of non-prosecution.  In that affidavit,
she stated:  

 

            I
do not wish to prosecute or go through with the charges of my husband Eliseo
Zambrano.  I do not want to prosecute
because everything that happened that day was misunderstood, and I am
struggling without him being in jail and me and espicially [sic] his 3 young
daughter [sic] need him physical [sic], emotionally and financially and we need
him w/us and everything that has happened was a mistake and a mistake for
pressing charges.

 

The State concedes that this affidavit was not furnished to
appellant prior to trial because it could not be located even though
appellants counsel inquired about it multiple times.  The affidavit was not found until appellant
had filed a motion for new trial.  Appellant
argues he was denied his right to due process and his right of confrontation (i.e. an effective cross-examination) by
the State failing to furnish the affidavit. 

 The
State has a duty to turn over material, exculpatory evidence to the accused.  Brady
v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215
(1963).  Due process is violated if the
State fails to do so regardless of whether bad faith on the part of the State
is involved.  Wyatt v. State, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000).  Evidence is material if there is a reasonable
probability that, had it been disclosed, the outcome would have been different,
and the defendant bears the burden of proving the same.  Hampton
v. State, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002).  The mere possibility that an item of
information might have helped the defense or might have affected the outcome
does not establish materiality in the constitutional sense.  Id.
 The
proper inquiry for an appellate court is whether the failure to disclose the
information undermines confidence in the jurys verdict.  See Ex
parte Richardson, 70 S.W.3d 865, 870 n.22 (Tex. Crim. App. 2002).    

Cervantes testified during the
guilt/innocence phase that 1) she tried to avoid testifying because she didnt
want to come and . . . deal with this whole situation, 2) she loves appellant,
3) the fight was over a set of car keys and they were pushing each other, and 4)
appellant punched her in the face six times. 
During the punishment phase, she stated 1) she had filed an affidavit of
non-prosecution, 2) she did not want to get appellant in trouble, 3) she needs
appellant to help support her children, and 4) even though she is afraid that
her daughters are going to choose to be with abusive men, she still wants appellant
in her life.  Thus, some of what was
contained in the affidavit was before the jury.

There is also evidence that appellants
counsel knew prior to trial that Cervantes had executed an affidavit of
non-prosecution since he requested it from the State and he specifically asked
that question of Cervantes during the punishment phase.  A defendant fails to establish that there is
a reasonable probability that the result would have been different when he had
actual knowledge of the information.  Ex parte Chavez, 213 S.W.3d 320, 325
(Tex. Crim. App. 2006) (there is no due process violation when the defendant
himself already knew of the exculpatory facts); Peters v. State, 997 S.W.2d 377, 386-87 (Tex. App.Beaumont 1999,
no pet.) (the defendant failed to show a different result would have occurred
when the defense had actual knowledge prior to trial that the victim had
recanted her testimony).   

Appellant argues that the trial court erred
in denying his motion for new trial because the evidence that the incident was
a misunderstanding is exculpatory in contrast to the States allegation that
he acted intentionally, knowingly, or recklessly.  Appellants counsel also provided testimony
at the new trial hearing that, had he known the contents of the affidavit of
non-prosecution, he would have questioned Cervantes specifically about her
claims that everything that happened that day was misunderstood and
everything that has happened was a mistake.   The
statement that there was a misunderstanding is unclear as to whether there was
a  misunderstanding between Cervantes and
appellant or between her and the police officers.  The statement that there was a mistake is
unclear as to whether appellant did not assault Cervantes, appellant made a
mistake when he assaulted her, or Cervantes made a mistake in pressing charges
even if appellant did assault her. 
Moreover, appellant apparently did not question Cervantes prior to trial
and did not question her  during trial
about the contents of her affidavit even though he knew or at least believed
that one existed.  Due to the ambiguity
and vagueness of these statements, we cannot say that the lack of their
disclosure undermines confidence in the verdict.

Accordingly, we overrule appellants issues
and affirm the judgment. 

 

                                                                        Per
Curiam 

 

Do
not publish.

 

Concurring
opinion by Pirtle, J.